CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

8/25/2020

JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 5:14cr7 |
| | ) | |
| | ) | By: Michael F. Urbanski |
| ISMAEL ALONSO MARIANO, | ) | |
| Defendant | ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on defendant Ismael Alonso Mariano's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 222. The government filed a response opposing Mariano's motion, ECF No. 228. Because the court finds that the factors under 18 U.S.C. § 3553(a) weigh in favor of continued custody, the court will **DENY** Mariano's motion.

### I.

On July 29, 2014, Mariano pled guilty to the offense of knowingly conspiring to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). On February 19, 2015, the court sentenced Mariano to 168 months' imprisonment with five years of supervised release.

On June 8, 2020, Mariano filed the instant motion for compassionate release, arguing that his medical conditions, including a 2013 diagnosis for serious kidney disease and end stage renal failure, constitute extraordinary and compelling reasons warranting a reduction in his sentence based on the COVID-19 pandemic. Mariano is currently housed at MCFP Springfield and has a projected release date of August 28, 2025.

## II.

In general, a "court may not modify the term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, creates an exception to this rule and authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Sentencing Commission published a policy statement to provide guidance on granting compassionate release. See USSG § 1B1.13. The policy statement provides, in relevant part, that "the court may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that (1)(A) extraordinary and compelling reasons warrant the reduction; . . . (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with this policy statement." Id.

Accordingly, Mariano's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, if the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction and whether Mariano is a danger to the community; and (3) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

    i.    <u>The government waived the exhaustion requirement.</u>

The provision allowing defendants to bring motions for compassionate release under § 3582(c) was added by the First Step Act in order to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). While the statute allows a defendant to bring the motion before the district court, a petitioner must first exhaust his administrative remedies. <u>See</u> 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" <u>Id.</u> The first condition requires that the defendant fully exhaust all administrative rights – this means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded.

Here, Mariano argues that he exhausted his administrative remedies because he made a written request to the warden of MCFP Springfield for compassionate release and received a denial from the warden on April 30, 2020. See ECF No. 222-1. Mariano asserts that because he received the denial letter from the warden, he "has met the exhaustion requirement." ECF No. 222, at 3. The court disagrees. Because Mariano has not exhausted the administrative appeals available to him through the BOP, he has not satisfied the exhaustion requirement of § 3582(c)(1)(A).

However, this court has previously found that the exhaustion requirement does not operate as a jurisdictional bar under § 3582(c)(1)(A) and can be waived. See United States v. Crawford, No. 2:03-cr-10084, 2020 WL 2537507, at *1, n.1 (W.D. Va. May 19, 2020) (finding that the exhaustion requirement has been waived where the government failed to raise exhaustion as a ground for denying the motion). Here, the government has waived such a requirement. See United States v. Gentille, No. 19-cr-590, 2020 WL 1814158, at *3 (S.D.N.Y. Apr. 9, 2020) ("§ 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, but rather is a claims-processing rule that the Government can waive by failing to raise an exhaustion argument."); see also United States v. Alam, 960 F.3d 831, 834 (6th Cir. 2020) (holding that the exhaustion requirement is a mandatory claims-processing rule that has two exceptions: waiver and forfeiture). The government stated that it "does not contend that Mariano has not 'exhausted' his administrative remedies." ECF No. 228, at 5, n. 1. Accordingly, the court finds that the government has waived the exhaustion requirement.

    ii.    <u>The § 3553(a) factors weigh against a sentence reduction.</u>

Because the government has waived the exhaustion requirement, the court must consider if Mariano has demonstrated that he merits release under the § 3553(a) factors. See United States v. McMillan, No. 7:08-cr-31, 2020 WL 3213399, at *2 (W.D. Va. June 15, 2020) ("A defendant seeking relief under § 3582(c)(1)(A) has the burden of establishing that compassionate release is warranted.") (internal citations omitted); see also 18 U.S.C. § 3582(c)(1)(A). Those factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. See 18 U.S.C. § 3553(a). Here, the § 3553(a) factors weigh in favor of continued incarceration.

First, Mariano pled guilty to a serious drug trafficking conspiracy, of which he agreed that he was a manager or supervisor. Second, while Mariano did not have a significant criminal history at the time of his sentencing, he was on probation at the time of his arrest. Third, Mariano has earned several disciplinary infractions at MCFP Springfield, including assault without serious injury, phone abuse, possessing an unauthorized item, and refusing to obey an order. Finally, the court imposed a fourteen-year sentence based on the seriousness of the offense and the need to provide just punishment for the offense. In fact, Mariano pled guilty and was held responsible for 212.5 grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1), which carried a ten-year mandatory minimum sentence. He also recruited at least two members to join the drug trafficking conspiracy. Weighing the § 3553(a) factors,

the court finds that Mariano should remain incarcerated. Accordingly, the court cannot grant Mariano's motion for compassionate release.[1]

### III.

For the reasons stated herein, Mariano's motion for compassionate release is **DENIED**, ECF No. 222. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered: August 24, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.08.24 18:04:31
-04'00'

Michael F. Urbanski
Chief United States District Judge

---

[1] Because the court finds that the § 3553(a) factors weigh against Mariano's release, it need not determine if Mariano presents an extraordinary and compelling reason to warrant a sentence reduction under § 3582(c)(1)(A). The court notes that the government concedes that Mariano's medical conditions constitute extraordinary and compelling circumstances. See ECF No. 228, at 11. While the court is sympathetic to Mariano's medical condition and the risk posed by COVID-19, the court notes that MCFP Springfield currently only has two inmates with positive cases of COVID-19 and the BOP is taking significant steps to combat the spread of the virus. See BOP, Coronavirus Emergency Plan, available at: https://www.bop.gov/coronavirus/ (last visited August 18, 2020).

Further, because Mariano "is an illegal alien and therefore subject to an immigration detainer," see ECF No. 228, at 13, it in unclear if the Immigration and Customs Enforcement facility he would be transferred to would provide a safer environment than the BOP as it relates to COVID-19. See United States v. Prelaj, No. 16-cr-055, 2020 WL 3642029, at *3 (S.D.N.Y. July 6, 2020) ("By granting [defendant's] motion for compassionate release, the Court would likely be increasing his chances of contracting COVID-19, since release from his federal sentence would likely result in [defendant's] transfer to a different, and presumably less healthy, immigration facility due to his immigration detainer."); United States v. Henries, No. 00-cr-788, 2020 WL 4727090, at *3, n. 4 (D.N.J. Aug. 14, 2020).